UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT LEE WRIGHT, III,

    Plaintiff,

v.                                        Case No. 4:24-cv-142-MW/MJF

SECRETARY DEPARTMENT
OF CORRECTIONS FACILITY
SUPPORT, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with three court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On March 25, 2024, Plaintiff commenced this civil action. Doc. 1. He also submitted a motion for leave to proceed *in forma pauperis*. Doc. 2. On March 26, 2024, the undersigned denied without prejudice Plaintiff's motion for leave to proceed *in forma pauperis* because Plaintiff did not include a certified printout of the transactions of his inmate trust account. Doc. 4. The undersigned ordered Plaintiff to pay the filing fee or

Page 1 of 6

properly move for leave to proceed *in forma pauperis*. *Id.* The undersigned imposed a compliance deadline of April 25, 2024 and warned Plaintiff that the failure to comply timely likely would result in dismissal of this action.

On April 1, 2024, Plaintiff filed a "First Amended Motion to Leave In Forma Pauperis/Pro se." Doc. 5 at 1 (error in original). Plaintiff's motion was deficient because he: (1) did not use the court-approved forms for his motion; (2) did not submit a financial affidavit; and (3) did not submit a certified copy of the transactions in his inmate trust account. For these reasons, on April 5, 2024, the undersigned denied Plaintiff's motion without prejudice. Doc. 6 at 2. The undersigned ordered Plaintiff to pay $405 or submit a fully completed application to proceed *in forma pauperis*. *Id.* at 4. The undersigned imposed a compliance deadline of April 25, 2024. *Id.* The undersigned warned Plaintiff that the failure to comply with that order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On May 9, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of April 5, 2024. The undersigned imposed a compliance deadline of May 23, 2024

and warned Plaintiff for a third time that the failure to comply timely with the court's orders would likely result in dismissal of this action.

On May 31, 2024, Plaintiff filed a document titled "In Writ of Appeal," in which Plaintiff explained that he did not know how to proceed in this action because he already had paid an initial partial filing fee. Doc. 13 at 1 (citing *Wright v. Fitzpatrick*, No. 4:24-cv-132-WS-MJF (N.D. Fla.)).

On June 3, 2024, the undersigned advised Plaintiff that "Plaintiff must pay the fee or file a properly completed motion for leave to proceed *in forma pauperis* **in each case he has filed**. The mere fact that the district court may have granted Plaintiff *in forma pauperis* status in a prior case, does not excuse him from satisfying his obligation in this case." Doc. 14 at 1–2. The undersigned ordered Plaintiff to pay $405 or move for leave to proceed *in forma pauperis* in this case. *Id.* at 2–3. The undersigned imposed a compliance deadline of June 24, 2024 and warned Plaintiff that the failure to comply with that order likely would result in dismissal. *Id.* at 3. Plaintiff did not comply with that order.

On July 26, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of June

3, 2024. The undersigned imposed a compliance deadline of August 9, 2024 and warned Plaintiff that failure to comply with that order likely would result in dismissal.

On or about July 30, 2024, Plaintiff submitted a letter in response to the undersigned's order to show cause. Doc. 16. Plaintiff asserts merely that he has been "sending things correctly in the mail." *Id.* at 1.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Here, Plaintiff has not complied with three court orders, has not diligently prosecuted this action, and has not paid the filing fee. Furthermore, Plaintiff has not shown good cause for these failures. At best, Plaintiff vaguely states that he has been "sending things" in the mail, but Plaintiff does not specify

what "things" Plaintiff purports to be sending. Furthermore, Plaintiff does not identify the dates that he submitted the "things" for mailing. Plaintiff's conclusory statement that he sent "things" to the court is insufficient to show Plaintiff has been diligent in prosecuting this action and complying with court orders. Accordingly, dismissal of this civil action is appropriate.

### III.  CONCLUSION

Because Plaintiff failed to comply with court orders, has failed to prosecute this action, and has failed to pay the filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this action without prejudice.

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 6th day of August, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be**

**filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**